Cameron S. Reuber
Peter T. Busch
LEASON ELLIS LLP
One Barker Avenue
Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIANHAI LACE USA, INC., *a New York corporation,* <br><br> *Plaintiff,* <br><br> v. <br><br> LORD & TAYLOR LLC, *a Delaware corporation,* G-III LEATHER FASHIONS, INC., *a Delaware corporation*, DONNA KARAN INTERNATIONAL INC., *a Delaware corporation*, and DOES 1-10, <br><br> *Defendants*. | Civil Action No. 1:18-cv-6616 <br><br> ECF Case <br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiff Tianhai Lace USA, Inc. ("Plaintiff"), by and through its attorneys, Leason Ellis,

for its Complaint against Defendants Lord & Taylor LLC ("L&T"), G-III Leather Fashions, Inc.,

("G-III"), Donna Karan International Inc., ("DKI") and Does 1-10, (collectively "Defendants"),

on personal knowledge as to Tianhai's own activities and on information and belief as to the

activities of Defendants, allege the following:

## NATURE OF THIS ACTION

This is a civil action for: (i) willful copyright infringement in violation of 17 U.S.C. §

101 *et seq.*; (ii) vicarious and/or contributory copyright infringement under federal common law;

and (iii) unfair competition under New York common law.  Plaintiff is the copyright owner of

original works of art for use as lace designs to be incorporated into wearing apparel. Defendants use Tianhai's lace designs in connection with Defendants' promotion and sale of products throughout the United States and such use constitutes an unauthorized reproduction, display, distribution, publication and utilization of the designs. Tianhai seeks, *inter alia*, injunctive relief prohibiting further infringement of its rights to the designs, an award of damages compensating Tianhai for the unauthorized use, and the costs of the action awardable under 17 U.S.C. § 505.

## THE PARTIES

1.      Plaintiff Tianhai Lace USA, Inc. is a New York corporation with its principal place of business at 152 Madison Avenue, Suite 1103, New York, NY 10016.

2.      Upon information and belief, Defendant Lord & Taylor LLC is a limited liability company organized under the laws of Delaware with offices at 424 Fifth Avenue, New York, New York 10018.

3.      Lord & Taylor LLC, on information and belief, has notified the NYS Department of State, Division of Corporations, that its Agent for service of process is Corporation Service Company, 80 State Street, Albany, New York 12207.

4.      Upon information and belief, Defendant G-III is a corporation organized under the laws of Delaware, with its principal place of business at 512 Seventh Avenue, New York, NY 10018.

5.      G-III, on information and belief, has notified the State of Delaware, Division of Corporations, that its Agent for service is United Corporate Services, Inc., 874 Walker Road, Suite C, Dover DE 16604.

6.      Upon information and belief, Defendant DKI is a corporation organized under the laws of Delaware, with its principal place of business at 550 Seventh Avenue, Fifteenth Floor, New York, NY 10018.

7.     DKI, on information and belief, has notified the State of Delaware, Division of Corporations, that its Agent for service is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

8.     Currently, the names and identities of Does 1-10 are unknown to Plaintiff. Plaintiff reasonably believes that Defendants have information in its possession, custody, and control that can be used to identify Does 1-10.  Plaintiff reserves its rights to timely seek leave of the court to amend this pleading upon ascertaining the true names and identities of Does 1-10.

## JURISDICTION AND VENUE

9.     This Complaint alleges causes of action under the U.S. Copyright Laws, Title 17 of the United States Code and claims of unfair competition under New York state law.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 as well as under Title 17 of the United State Code.  Supplemental jurisdiction for the state law claim of unfair competition is proper pursuant to 28 U.S.C. §§ 1367 and 1338(b) because this claim forms part of the same case as the claim for copyright infringement.

11.     This Court has personal jurisdiction over Defendants because: (1) Defendants have committed, and continue to commit, acts of infringement in the Southern District of New York through solicitation of business, advertising and sale of products online, and on information and belief in retail stores in this district; (2) Defendants have purposefully directed their infringing conduct toward New York residents, which caused and continues to cause harm to Plaintiff (a New York corporation); (3) Defendants purposefully directed their activities toward the Southern District of New York when they willfully infringed Plaintiff's intellectual property rights, knowing that Plaintiff has a principal place of business in this District; and (4) Defendants' corporate offices are in this District.

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) in that Defendants have committed acts of infringement in this district and are subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL COUNTS

**Tianhai's Copyrighted Lace Designs**

13.     Tianhai is a well-known textile manufacturer of high quality warp-knitted laces. Tianhai employs a workforce of over 1,300 employees worldwide, including 40 designers and drafters, who create and develop more than 1,000 new, unique, and distinct lace designs every year.  Over the last thirty (30) years, Tianhai has grown into not only the #1 lace manufacturer in China, recognized for its superior, distinctive, and high-quality products, but also the largest global lace supplier for the world's most famous intimate apparel brands, including Victoria's Secret, Lane Bryant, M&S, Triumph, and many others.  However, Tianhai's customers have also been known to purchase lace from Tianhai for use in connection with the design, manufacture, and creation of other women's apparel beyond intimate apparel as well.

14.     Tianhai primarily operates as the U.S. sales arm of a group of three sister companies (including non-parties Tianhai Lace Co. Ltd. ("TLC") and Tianhai Lace (Guangdong) Ltd. ("TLG")) all of whom collaborate on the creation, manufacture, and marketability of lace fabric designs.  Plaintiff, with the knowledge and consent of TLC and TLG, also operates as the U.S. enforcement arm of the operation in terms of procuring and protecting the group's intellectual property rights as well as policing infringement thereof.

15.     Each lace fabric design that ultimately reaches the Tianhai showroom and sales organization in New York is assigned a unique pattern number used to identify the pattern internally and by customers.  Tianhai's customers generally purchase lace from Tianhai to use in connection with the design, manufacture, and creation of women's apparel.

16.     Tianhai's original lace designs, which are (and have been) sold throughout the United States and within this district, are the lifeblood of Tianhai's business.  Indeed, it is the novelty, quality, and distinctiveness of its designs that sets Tianhai apart from its competitors.

17.     In order to ensure exclusivity, its designs are protected under the copyright laws. Further, each lace fabric design that ultimately reaches the Tianhai showroom and sales organization in New York is assigned a unique pattern number used to identify the pattern internally and by customers.

18.     Tianhai's sole means of obtaining revenue derives from the sale of the its lace. Due to Tianhai's position in the trade and its investment in developing its lace designs, Tianhai's success depends on conscientious enforcement of its intellectual property rights, which are valuable assets and sources of significant value, customer loyalty, and business. Specifically, Tianhai's status as a source of desirable brand-name product makes them a target for counterfeiters who wrongfully seek to trade on Tianhai's name and brand and otherwise copy and distribute (often at a discount) the end result of Tianhai's labor-intensive lace research and design process.  Such conduct damages Tianhai in the form of, *inter alia*, lost sales.

**a. The Y0729 Pattern**

19.     In or about November 2012, Tianhai created an original work of art for use as a lace design.  A photograph of the design is attached hereto as **Exhibit A**.

20.     Tianhai first "published" (as that term is defined by the Copyright Act) the lace design, which Tianhai named "Pattern Y0729," in or about November 2012.

21.     The Pattern Y0729 design constitutes an original work of authorship and copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101 *et seq*.  Tianhai is the owner of record of the Pattern Y0729 design and owns all right, title and interest therein necessary to independently bring the instant action.

22.     Tianhai has complied in all respects with the provisions of the copyright law of the United States and has secured all of the rights and privileges in and to the Pattern Y0729 design (as well as the copyright therein) necessary to independently bring the instant action.

23.     Tianhai has duly registered its copyright in the Pattern Y0729 design with the U.S. Copyright Office and is the owner of U.S. Copyright Registration No. VA 1-967-084 for the Pattern Y0729 design.   A true and correct copy of the Certificate of Registration for the copyright in this work is attached as **Exhibit B**.

24.     All copies of the work have been sold in conformity with the provisions of the copyright law of the United States and Tianhai has fully complied in all respects with the provisions of the U.S. Copyright Act with respect to the Pattern Y0729 design.

25.     At all times since it created the Pattern Y0729 design, Tianhai has been, and still is, the exclusive holder of all rights, title and interest in and to the copyright therein.

**b. The XD525 Pattern**

26.     In or about October 2012, Tianhai created an original work of art for use as a lace design.  A photograph of the design is attached hereto as **Exhibit C**.

27.     Tianhai first "published" (as that term is defined by the Copyright Act) the lace design, which Tianhai named "Pattern XD525," in or about October 2012.

28.     The Pattern XD525 design constitutes an original work of authorship and copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101 *et seq*.  Tianhai is the owner of record of the Pattern XD525 design and owns all right, title and interest therein necessary to independently bring the instant action.

29.     Tianhai has complied in all respects with the provisions of the copyright law of the United States and has secured all of the rights and privileges in and to the Pattern XD525 design (as well as the copyright therein) necessary to independently bring the instant action.

6

30.     Tianhai has duly registered its copyright in the Pattern XD525 design with the U.S. Copyright Office and is the owner of U.S. Copyright Registration No. VA 1-967-086 for the Pattern XD525 design.   A true and correct copy of the Certificate of Registration for the copyright in this work is attached as **Exhibit D**.

31.     All copies of the work have been sold in conformity with the provisions of the copyright law of the United States and Tianhai has fully complied in all respects with the provisions of the U.S. Copyright Act with respect to the Pattern XD525 design.

32.     At all times since it created the Pattern XD525 design, Tianhai has been, and still is, the exclusive holder of all rights, title and interest in and to the copyright therein.

### c. The XD081 Pattern

33.     In or about July 2014, Tianhai created an original work of art for use as a lace design.  A photograph of the design is attached hereto as **Exhibit E**.

34.     Tianhai first "published" (as that term is defined by the Copyright Act) the lace design, which Tianhai named "Pattern XD081," in or about July 2014.

35.     The Pattern XD081 design constitutes an original work of authorship and copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101 *et seq*.  Tianhai is the owner of record of the Pattern XD081 design and owns all right, title and interest therein necessary to independently bring the instant action.

36.     Tianhai has complied in all respects with the provisions of the copyright law of the United States and has secured all of the rights and privileges in and to the Pattern XD081 design (as well as the copyright therein) necessary to independently bring the instant action.

37.     Tianhai has duly registered its copyright in the Pattern XD081 design with the U.S. Copyright Office and is the owner of U.S. Copyright Registration No. VA 1-962-430 for the

Pattern XD081 design.  A true and correct copy of the Certificate of Registration for the copyright in this work is attached as **Exhibit F**.

38.    All copies of the work have been sold in conformity with the provisions of the copyright law of the United States and Tianhai has fully complied in all respects with the provisions of the U.S. Copyright Act with respect to the Pattern XD081 design.

39.    At all times since it created the Pattern XD081 design, Tianhai has been, and still is, the exclusive holder of all rights, title and interest in and to the copyright therein.

**d. The YV450 Pattern**

40.    In or about July 2013, Tianhai created an original work of art for use as a lace design.  A photograph of the design is attached hereto as **Exhibit G**.

41.    Tianhai first "published" (as that term is defined by the Copyright Act) the lace design, which Tianhai named "Pattern YV450," in or about July 2013.

42.    The Pattern YV450 design constitutes an original work of authorship and copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101 *et seq*.  Tianhai is the owner of record of the Pattern YV450 design and owns all right, title and interest therein necessary to independently bring the instant action.

43.    Tianhai has complied in all respects with the provisions of the copyright law of the United States and has secured all of the rights and privileges in and to the Pattern YV450 design (as well as the copyright therein) necessary to independently bring the instant action.

44.    Tianhai has duly registered its copyright in the Pattern YV450 design with the Chinese Copyright Office and is the owner of Chinese Copyright Registration No. 2014-F-00116817 for the Pattern YV450 design.  The Pattern YV450 design is entitled to protection under the laws of the United States, 17 U.S.C. § 101 et seq. and the Berne Convention for the Protection of Literary and Artistic Works, Sept. 9, 1886 (Paris Text 1971), S. Treaty Doc. No.

99-27 ("Berne Convention") as it constitutes an original work of authorship and copyrightable subject matter.  A true and correct copy of the Certificate of Registration for the copyright in this work is attached as **Exhibit H**.

45.    All copies of the work have been sold in conformity with the provisions of the copyright law of the United States and Tianhai has fully complied in all respects with the provisions of the U.S. Copyright Act with respect to the Pattern YV450 design.

46.    At all times since it created the Pattern YV450 design, Tianhai has been, and still is, the exclusive holder of all rights, title and interest in and to the copyright therein.

### e. The A0342 Pattern

47.    In or about May 2009, Tianhai created an original work of art for use as a lace design.  A photograph of the design is attached hereto as **Exhibit I**.

48.    Tianhai first "published" (as that term is defined by the Copyright Act) the lace design, which Tianhai named "Pattern A0342," in or about May 2009.

49.    The Pattern A0342 design constitutes an original work of authorship and copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101 *et seq*.  Tianhai is the owner of record of the Pattern A0342 design and owns all right, title and interest therein necessary to independently bring the instant action.

50.    Tianhai has complied in all respects with the provisions of the copyright law of the United States and has secured all of the rights and privileges in and to the Pattern A0342 design (as well as the copyright therein) necessary to independently bring the instant action.

51.    Tianhai has duly registered its copyright in the Pattern A0342 design with the U.S. Copyright Office and is the owner of U.S. Copyright Registration No. VA 1-791-176 for the Pattern A0342 design.   A true and correct copy of the Certificate of Registration for the copyright in this work is attached as **Exhibit J**.

52.     All copies of the work have been sold in conformity with the provisions of the copyright law of the United States and Tianhai has fully complied in all respects with the provisions of the U.S. Copyright Act with respect to the Pattern A0342 design.

53.     At all times since it created the Pattern A0342 design, Tianhai has been, and still is, the exclusive holder of all rights, title and interest in and to the copyright therein.

**f. The XD810Q Pattern**

54.     In or about May 2015, Tianhai created an original work of art for use as a lace design.  A photograph of the design is attached hereto as **Exhibit K**.

55.     Tianhai first "published" (as that term is defined by the Copyright Act) the lace design, which Tianhai named "Pattern XD810Q," in or about May 2009.

56.     The Pattern XD810Q design constitutes an original work of authorship and copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101 *et seq*.  Tianhai is the owner of record of the Pattern XD810Q design and owns all right, title and interest therein necessary to independently bring the instant action.

57.     Tianhai has complied in all respects with the provisions of the copyright law of the United States and has secured all of the rights and privileges in and to the Pattern XD810Q design (as well as the copyright therein) necessary to independently bring the instant action.

58.     Tianhai has duly registered its copyright in the Pattern XD810Q design with the Chinese Copyright Office and is the owner of Chinese Copyright Registration No.2015-F-00201130.  The Pattern XD810Q design is entitled to protection under the laws of the United States, 17 U.S.C. § 101 et seq. and the Berne Convention as it constitutes an original work of authorship and copyrightable subject matter.   A true and correct copy of the Certificate of Registration for the copyright in this work is attached as **Exhibit L**.

59.     All copies of the work have been sold in conformity with the provisions of the copyright law of the United States and Tianhai has fully complied in all respects with the provisions of the U.S. Copyright Act with respect to the Pattern XD810Q design.

60.     At all times since it created the Pattern XD810Q design, Tianhai has been, and still is, the exclusive holder of all rights, title and interest in and to the copyright therein.

**g. The XZ001 Pattern**

61.     In or about March 2014, Tianhai created an original work of art for use as a lace design.  A photograph of the design is attached hereto as **Exhibit M**.

62.     Tianhai first "published" (as that term is defined by the Copyright Act) the lace design, which Tianhai named "Pattern XZ001," in or about March 2014.

63.     The Pattern XZ001 design constitutes an original work of authorship and copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101 *et seq*.  Tianhai is the owner of record of the Pattern XZ001 design and owns all right, title and interest therein necessary to independently bring the instant action.

64.     Tianhai has complied in all respects with the provisions of the copyright law of the United States and has secured all of the rights and privileges in and to the Pattern XZ001 design (as well as the copyright therein) necessary to independently bring the instant action.

65.     Tianhai has duly registered its copyright in the Pattern XZ001 design with the U.S. Copyright Office and is the owner of U.S. Copyright Registration No. VA 2-010-599 for the Pattern XZ001 design.   A true and correct copy of the Certificate of Registration for the copyright in this work is attached as **Exhibit N**.

66.     All copies of the work have been sold in conformity with the provisions of the copyright law of the United States and Tianhai has fully complied in all respects with the provisions of the U.S. Copyright Act with respect to the Pattern XZ001 design.

{04358/609872-000/02107229.1}

67.     At all times since it created the Pattern XZ001 design, Tianhai has been, and still is, the exclusive holder of all rights, title and interest in and to the copyright therein.

**Defendants' Infringing Activities**

68.     L&T is a retailer of apparel for women, including clothing and accessories. L&T advertises that its sells and ships women's apparel products throughout the United States.

69.     L&T operates 26 brick-and-mortar stores near this District, including four within this judicial district, five in the neighboring Eastern District of New York, four in the bordering state of Connecticut, and thirteen in the bordering state of New Jersey.

70.     Upon information and belief, G-III is a manufacturer and distributer of apparel for women, including clothing and accessories.  G-III advertises that its sells and ships women's apparel products throughout the United States, including to various brick-and-mortar retailers.

71.     Upon information and belief, DKI is a manufacturer and distributer of apparel for women, including clothing and accessories.  DKI advertises that its sells and ships women's apparel products throughout the United States, including to various brick-and-mortar retailers.

72.     Upon information and belief, DOES 1-10 are manufacturers, and/or vendors, and/or other parties who have supplied, manufactured and/or otherwise contributed to the unauthorized sale of products incorporating Plaintiff's original lace designs without Plaintiff's knowledge or consent.

73.     Upon information and belief, the identities of DOES 1-10 are known to L&T, G-III and/or DKI and are likely to become known during the course of discovery.

74.     Upon information and belief, Tianhai's Pattern Y0729 lace design has been incorporated by Defendants into at least one garment marketed to U.S. consumers by L&T.

75.     Upon information and belief, the Pattern Y0729 lace design was reproduced and manufactured by G-III and branded as "Eliza J" under the designation Style No. EJ5W9239.

76.     Upon information and belief, the Style No. EJ5W9239 garment was supplied to L&T and sold therein at a retail price of approximately $188.00.

77.     A photo of one version of this garment is annexed hereto as **Exhibit O**.  A side-by-side comparison of Y0729 and Style No. EJ5W9239 is below:

   

G-III's lace garment                         Tianhai's lace pattern

78.     Upon information and belief, Defendants had access to Tianhai's Pattern Y0729, design prior to reproducing, manufacturing, distributing, marketing, and selling the above-referenced infringing products.

79.     Upon information and belief, Defendants knew at the time that each reproduced, manufactured, distributed, marketed, and offered for sale the Infringing Products that the lace designs incorporated therein comprised the proprietary intellectual property of Tianhai.

80.     Upon information and belief, Defendants willfully intended to offer garments for sale to its customers incorporating Tianhai's Pattern Y0729 design.

81.     Upon information and belief, Tianhai's Pattern XD525 lace design has been incorporated by one or more Defendants into at least one garment marketed to U.S. consumers.

82.     Upon information and belief, the Pattern XD525 lace design was reproduced and manufactured by G-III and branded as "Vince Camuto" under the designation Style No. VC8M6792.

83.     Upon information and belief, the Style No. VC8M6792 garment was supplied by G-III to U.S. retailers (*e.g.,* Macy's) and sold therein at a retail price of approximately $118.00.

84.     A photo of one version of this garment is annexed hereto as **Exhibit P**.  A side-by-side comparison of XD525 and Style No. VC8M6792 is below:

  

L&T/G-III's lace garment                              Tianhai's lace pattern

85.     Upon information and belief, Defendants had access to Tianhai's Pattern XD525, design prior to reproducing, manufacturing, distributing, marketing, and selling the above-referenced infringing products.

86.     Upon information and belief, Defendants knew at the time that each reproduced, manufactured, distributed, marketed, and offered for sale the Infringing Products that the lace designs incorporated therein comprised the proprietary intellectual property of Tianhai.

87.     Upon information and belief, Defendants willfully intended to offer garments for sale to its customers incorporating Tianhai's Pattern XD525 design.

88.     Upon information and belief, the Pattern XD525 lace design was reproduced and manufactured by G-III and branded as "Vince Camuto" under the designation Style No. VC7M5580.

{04358/609872-000/02107229.1}

89.     Upon information and belief, the Style No. VC7M5580 garment was supplied by G-III to U.S. retailers (e.g., Lord & Taylor) and sold therein at a retail price of approximately $47.99.

90.     A photo of one version of this garment is annexed hereto as **Exhibit Q**.  A side-by-side comparison of XD525 and Style No. VC7M5580 is below:




L&T/G-III's lace garment                             Tianhai's lace pattern

91.     Upon information and belief, Defendants had access to Tianhai's Pattern XD525, design prior to reproducing, manufacturing, distributing, marketing, and selling the above-referenced infringing products.

92.     Upon information and belief, Defendants knew at the time that each reproduced, manufactured, distributed, marketed, and offered for sale the Infringing Products that the lace designs incorporated therein comprised the proprietary intellectual property of Tianhai.

93.     Upon information and belief, Defendants willfully intended to offer garments for sale to its customers incorporating Tianhai's Pattern XD525 design.

94.     Upon information and belief, the Pattern XD525 lace design was reproduced and manufactured by G-III and branded as "Eliza J" under the designation Style No. EJ7M5437.

95.     Upon information and belief, the Style No. EJ7M5437 garment was supplied by G-III to U.S. retailers (e.g., Lord & Taylor) and sold therein at a retail price of approximately $298.00.

96.     A photo of one version of this garment is annexed hereto as **Exhibit R.**  A side-by-side comparison of XD525 and Style No. EJ7M5437 is below:




L&T/G-III's lace garment                     Tianhai's lace pattern

97.     Upon information and belief, Defendants had access to Tianhai's Pattern XD525, design prior to reproducing, manufacturing, distributing, marketing, and selling the above-referenced infringing products.

98.     Upon information and belief, Defendants knew at the time that each reproduced, manufactured, distributed, marketed, and offered for sale the Infringing Products that the lace designs incorporated therein comprised the proprietary intellectual property of Tianhai.

99.     Upon information and belief, Defendants willfully intended to offer garments for sale to its customers incorporating Tianhai's Pattern XD525 design.

100.     Upon information and belief, Tianhai's Pattern XD081 lace design has been incorporated by Defendants into at least one garment marketed to U.S. consumers by Macy's.

16

101.    Upon information and belief, the Pattern XD081 lace design was reproduced and manufactured by G-III and branded as "Vince Camuto" under the designation Style No. VC7M2980.

102.    Upon information and belief, the Style No. VC7M2980 garment was supplied to Macy's and sold therein at a retail price of approximately $148.00.

103.    A photo of one version of this garment is annexed hereto as **Exhibit S**.  A side-by-side comparison of XD081 and Style No. VC7M2980 is below:




G-III's lace garment                         Tianhai's lace pattern

104.    Upon information and belief, Defendants had access to Tianhai's Pattern XD081, design prior to reproducing, manufacturing, distributing, marketing, and selling the above-referenced infringing products.

105.    Upon information and belief, Defendants knew at the time that each reproduced, manufactured, distributed, marketed, and offered for sale the Infringing Products that the lace designs incorporated therein comprised the proprietary intellectual property of Tianhai.

106.    Upon information and belief, Defendants willfully intended to offer garments for sale to its customers incorporating Tianhai's Pattern XD081 design.

107.    Upon information and belief, Tianhai's Pattern YV450 lace design has been incorporated by Defendants into at least one garment marketed to U.S. consumers by Macy's.

{04358/609872-000/02107229.1}

108.   Upon information and belief, the Pattern YV450 lace design was reproduced and manufactured by G-III and branded as "Vince Camuto" under the designation Style No. VC6M1067.

109.   Upon information and belief, the Style No. VC6M1067 garment was supplied to Macy's and sold therein at a retail price of approximately $148.00.

110.   A photo of one version of this garment is annexed hereto as **Exhibit T**.  A side-by-side comparison of YV450 and Style No. VC6M1067 is below:




G-III's lace garment                                    Tianhai's lace pattern

111.   Upon information and belief, Defendants had access to Tianhai's Pattern YV450, design prior to reproducing, manufacturing, distributing, marketing, and selling the above-referenced infringing products.

112.   Upon information and belief, Defendants knew at the time that each reproduced, manufactured, distributed, marketed, and offered for sale the Infringing Products that the lace designs incorporated therein comprised the proprietary intellectual property of Tianhai.

113.   Upon information and belief, Defendants willfully intended to offer garments for sale to its customers incorporating Tianhai's Pattern YV450 design.

114.   Upon information and belief, Tianhai's Pattern A0342 lace design has been incorporated by Defendants into at least one garment marketed to U.S. consumers by Macy's.

18

115.    Upon information and belief, the Pattern A0342 lace design was reproduced and manufactured by G-III and/or DKI and branded as "DKNY" under the designation Style No. DD8AH444.

116.    Upon information and belief, the Style No. DD8AH444 garment was supplied to Macy's and sold therein at a retail price of approximately $79.99.

117.    A photo of one version of this garment is annexed hereto as **Exhibit U**.  A side-by-side comparison of A0342 and Style No. DD8AH444 is below:




G-III's lace garment                                 Tianhai's lace pattern

118.    Upon information and belief, Defendants had access to Tianhai's Pattern A0342, design prior to reproducing, manufacturing, distributing, marketing, and selling the above-referenced infringing products.

119.    Upon information and belief, Defendants knew at the time that each reproduced, manufactured, distributed, marketed, and offered for sale the Infringing Products that the lace designs incorporated therein comprised the proprietary intellectual property of Tianhai.

120.    Upon information and belief, Defendants willfully intended to offer garments for sale to its customers incorporating Tianhai's Pattern A0342 design.

121.    Upon information and belief, Tianhai's Pattern XD810Q lace design has been incorporated by Defendants into at least one garment marketed to U.S. consumers by Macy's.

{04358/609872-000/02107229.1}

122.   Upon information and belief, the Pattern XD810Q lace design was reproduced and manufactured by G-III and branded as "Tommy Hilfiger" under the designation Style No. H84TQ7AA.

123.   Upon information and belief, the Style No. H84TQ7AA garment was supplied to L&T and sold therein at a retail price of approximately $59.00.

124.   A photo of one version of this garment is annexed hereto as **Exhibit V**.   A side-by-side comparison of XD810Q and Style No. H84TQ7AA is below:




|  |  |
|:---:|:---:|
| G-III's lace garment | Tianhai's lace pattern |

125.   Upon information and belief, Defendants had access to Tianhai's Pattern XD810Q, design prior to reproducing, manufacturing, distributing, marketing, and selling the above-referenced infringing products.

126.   Upon information and belief, Defendants knew at the time that each reproduced, manufactured, distributed, marketed, and offered for sale the Infringing Products that the lace designs incorporated therein comprised the proprietary intellectual property of Tianhai.

127.   Upon information and belief, Defendants willfully intended to offer garments for sale to its customers incorporating Tianhai's Pattern XD810Q design.

128.   Upon information and belief, Tianhai's Pattern XZ001 lace design has been incorporated by Defendants into at least one garment marketed to U.S. consumers by Macy's.

129.    Upon information and belief, Pattern XZ001 lace design was reproduced and manufactured by G-III and branded as "Tommy Hilfiger" under the designation Style No. A8SLAE1A.

130.    Upon information and belief, the Style No. A8SLAE1A, garment was supplied to Macy's and sold therein at a retail price of approximately $139.00.

131.    A photo of one version of this garment is annexed hereto as **Exhibit W**.  A side-by-side comparison of XZ001 and Style No. A8SLAE1A, is below:

    

G-III's lace garment                    Tianhai's lace pattern

132.    Upon information and belief, Defendants had access to Tianhai's Pattern XZ001, design prior to reproducing, manufacturing, distributing, marketing, and selling the above-referenced infringing products.

133.    Upon information and belief, Defendants knew at the time that each reproduced, manufactured, distributed, marketed, and offered for sale the Infringing Products that the lace designs incorporated therein comprised the proprietary intellectual property of Tianhai.

134.    Upon information and belief, Defendants willfully intended to offer garments for sale to its customers incorporating Tianhai's Pattern XZ001 design.

135.    Upon information and belief, with full and complete knowledge of Tianhai's copyrights discussed above, Defendants willfully infringed Tianhai's copyright in its Pattern

{04358/609872-000/02107229.1}

Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs by copying them without Tianhai's permission, license, or consent.

136.   Upon information and belief, Defendants did not purchase lace from Tianhai for use in the Infringing Products because, with full knowledge of Tianhai's copyrights, Defendants were manufacturing and/or purchasing unauthorized copies of the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs outside the United States or otherwise at a greatly reduced rate.

137.   Plaintiff, upon commencing the instant civil action, supplied all Defendants with courtesy copies of the initial pleadings as well as requests for cooperation in identifying all interested parties.   Upon information and belief, Defendant L&T thereafter tendered the complaints to its co-defendant(s) under UCC 2-312.

138.   Upon information and belief, Defendants have committed the infringing acts complained of herein willfully and with conscious disregard for Tianhai's rights.

139.   Upon information and belief, Defendants' actions have caused damage and irreparable harm to Tianhai.   Unless Defendants are compelled to discontinue these actions by the Court, Tianhai will continue to suffer such damage and irreparable harm.

140.   Tianhai has no adequate remedy at law.

**First Claim for Relief**
**Copyright Infringement under 17 U.S.C. § 101 *et seq.***

141.   Plaintiff repeats and realleges by reference each and every allegation contained in the paragraphs above.

142.   Tianhai's Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs has never been dedicated to the public.

{04358/609872-000/02107229.1}

143.    At all times pertinent to this Complaint, Plaintiff has been, and still is, the owner of all right, title, and interest in and to the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs, including the copyrights therein.  Tianhai has never assigned, licensed, or otherwise transferred any of these rights, including its copyrights, to the Defendants; nor has Tianhai ever authorized the Defendants to copy, distribute, or license the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs.

144.    Defendants have directly, vicariously, and/or contributorily infringed Tianhai's rights to the lace design protected by U.S. Copyright Reg Nos. VA 1-967-084, VA 1-967-086, VA 1-962-430, VA 1-791-176, and VA 2-010-599 by reproducing, displaying, or distributing unauthorized copies of the lace designs in violation of 17 U.S.C. § 501 *et seq.*

145.    Defendants either directly or indirectly, copied Tianhai's lace designs for their own commercial gain to the unjust exclusion of Tianhai.

146.    By the acts stated herein, Defendants have directly, vicariously, and/or contributorily infringed the copyrights in the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs in violation of §§ 106 and 501 of the Copyright Act, 17 U.S.C. § 101, *et seq.*

147.    Upon information and belief, Defendants knew or should have known that their acts constituted copyright infringement.

148.    Defendants' conduct was willful within the meaning of the Copyright Act.

149.    Tianhai has been damaged by Defendants' conduct, including, but not limited to economic losses.  Tianhai continues to be damaged by such conduct and has no adequate remedy at law to compensate Tianhai for all the possible damages stemming from Defendants' conduct.

150.   Because of the willful nature of Defendants' conduct, Tianhai is entitled to an award of statutory damages for each instance of copyright infringement by Defendants, in lieu of recovery of exemplary damages, attorney's fees, and all associated costs.

**Second Claim for Relief**
**Unfair Competition under New York State Common Law**

151.   Plaintiff realleges by reference all allegations contained in the paragraphs above.

152.   Tianhai has gone to great expense in developing, promoting the sale of, and commercially exploiting its copyrighted Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs.

153.   As a result of the expenditure of money and skill in the development and promotion of Tianhai's lace fabrics incorporating Tianhai's copyrighted designs, including the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs, Tianhai's lace fabrics have acquired substantial market value. Moreover, this value has allowed Tianhai to build up substantial goodwill in the distinctive appearance of its lace designs, including its copyrighted Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs.

154.   Consumers and the general public have come to associate products incorporating the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs as emanating exclusively from Tianhai.

155.   The Infringing Products are likely to cause confusion to the general purchasing public as to the source of the lace designs incorporated therein.  The lace incorporated in the Infringing Products was manufactured to lower quality standards than those of Tianhai.  The use of lower quality lace has tarnished Tianhai's good name in the marketplace due to the perceived association between Defendants' lower quality goods being confused with Tianhai's goods.

156.   Defendants, by acts willfully undertaken without authorization, license, or permission from Tianhai, have intentionally taken advantage of the knowledge and skill of Tianhai and of the goodwill developed by Tianhai, and has capitalized upon the market created by Tianhai for its distinctive lace designs.

157.   The aforesaid acts of Defendants, in manufacturing, distributing, marketing, offering for sale and selling and/or causing to be manufactured, distributed, marketed, offered for sale and/or sold, the Infringing Products, constitutes inequitable conduct, unfair trade practices and unfair competition as defined by New York common law, and are likely to deceive and confuse Tianhai's customers and other apparel and retail distributors into believing that the Infringing Products are manufactured from lace fabric supplied by Tianhai or are sponsored by, licensed by, endorsed by or are otherwise associated with Tianhai.

158.   Defendants' acts constitute misappropriation or attempted misappropriation of Tianhai's copyrighted designs and the goodwill and reputation which are associated therewith.

159.   Defendants have misappropriated Tianhai's goodwill and the benefits of Tianhai's skill and expenditures in the development and design of Tianhai's Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs and by reason thereof have caused irreparable injury to Tianhai.

160.   Tianhai's market has been reduced by Defendants conduct, which injury will continue as long as Defendants are not enjoined by this Court from further manufacturing, distributing, marketing, offering for sale and selling and/or causing to be manufactured, distributed, marketed, offered for sale and/or sold, the Infringing Products in the United States.

161.   Defendants have manufactured, distributed, marketed and/or sold the Infringing Products without authorization, license, or permission from Tianhai.

162.    Defendants' acts have damaged Tianhai in an amount as yet unknown and may further damage Tianhai in such manner that Tianhai has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests entry of judgment against Defendants finding as a matter of law and fact as follows:

A.    Defendants have willfully infringed Plaintiff's rights in the copyrighted Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs.

B.    Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, including any and all third-party fabric, lace, ornamental trim, and/or apparel manufacturers, distributors and suppliers who receive actual notice of the Order or Judgment by any method:

    i.    be permanently enjoined and restrained from copying, reproducing, using, selling, manufacturing, advertising, or promoting copies of the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs or any design substantially similar thereto;

    ii.    be permanently enjoined and restrained from copying, reproducing, using, selling, manufacturing, or creating derivative works based upon the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs or any design substantially similar thereto; and

    iii.    be ordered to surrender to Tianhai all Infringing Products or other garments or materials in its possession, custody or control displaying, copying, and/or bearing Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs or any design substantially similar thereto.

{04358/609872-000/02107229.1}

C.      Defendants be ordered to send written notice, approved by the Court, to each licensee, manufacturer, supplier, distributor, wholesaler, retailer, or any other party who manufactured or sold the Infringing Products, or manufactured or sold other garments bearing the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs, with a copy of each such written notice to be furnished to Tianhai:

     i.    requesting that the recipient surrender to Tianhai all garments bearing the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs in its possession, custody or control; and

    ii.    advising the recipient that pursuant to the judgment of this Court, Defendants have been enjoined from copying, reproducing, using, selling, manufacturing, advertising, or promoting copies of the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs.

D.      Defendants destroy all Infringing Products, materials, documents, catalogues, or advertisements bearing the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs in Defendants' possession, custody and control pursuant to 17 U.S.C. § 503.

E.      Defendants remove all webpages, web links, photographs or advertisements bearing the Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q and Pattern XZ001 designs from any website that it controls or contributes to.

F.      Defendants be required to pay all profits realized by Defendants as a result of its unlawful infringing acts as complained of herein pursuant to 17 U.S.C. § 504.

G.      Defendants be required to compensate Tianhai for all actual damages suffered as a result of Defendants' unlawful infringing acts complained of herein pursuant to 17 U.S.C. § 504.

27

H.      In the alternative, Defendants be required to pay Tianhai statutory damages pursuant to 17 U.S.C. § 504, and said statutory damages shall be in the amount of $150,000 per registration infringed as enhanced as a result of Defendant's willful infringing acts as complained of herein.

I.      Tianhai be awarded its costs, expenses and reasonable attorney's fees incurred in bringing this action pursuant to 17 U.S.C. § 505.

J.      Defendants file with the Court, and serve upon Tianhai's counsel, within thirty (30) days after the entry of the judgment, a report under oath setting forth in detail the manner in which Defendants have complied with such judgment.

K.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, pursuant to Fed.R.Civ.P. 38, demands trial by jury on all issues triable to a jury.

Dated: December 31, 2018                                   Respectfully Submitted,
       White Plains, New York

                                                   LEASON ELLIS LLP

                                                   _____
                                                   Cameron S. Reuber
                                                   Peter T Busch
                                                   One Barker Avenue, Fifth Floor
                                                   White Plains, NY 10601
                                                   Tel: (914) 288-0022
                                                   Fax: (914) 288-0023
                                                   Email: Reuber@leasonellis.com
                                                   Email: Busch@leasonellis.com

                                                   *Attorneys for Plaintiff*

{04358/609872-000/02107229.1}