PHILIP L. HIRSCHHORN
BUCHANAN INGERSOLL & ROONEY PC
640 Fifth Avenue, 9th Floor
New York, New York 10019
Phone: (212) 440-4470
Email: Philip.hirschhorn@bipc.com

LAURA K. PITTS
Pro Hac Vice forthcoming
1737 King St., Ste. 500
Alexandria, VA 22314
Tel: (703) 836-6620
Fax: (703) 836-2021
Email: laura.pitts@bipc.com

*Attorneys for Defendants*
*Lord & Taylor, LLC and*
*G-III Leather Fashions, Inc.*

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIANHAI LACE USA, INC., a New York corporation, <br><br> *Plaintiff*, <br><br> v. <br><br> LORD & TAYLOR LLC**,** a Delaware corporation and G-III LEATHER FASHIONS, INC., a Delaware corporation, <br><br> *Defendants*. | Civil Action No. 1:18-cv-6616 <br><br> **JURY TRIAL DEMANDED** |

## TABLE OF CONTENTS

I.     Statement of Facts ........................................................................................................1

    A.     Procedural Background...........................................................................................1

    B.     The FAC..................................................................................................................2

II.    Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)...................................3

III.   Argument ...........................................................................................................................4

    A.     Defendants' Motion is Timely Filed.......................................................................4

    B.     Plaintiff's Copyright Claim Must Be Dismissed ....................................................4

        1.     Plaintiff's Allegations Fail to State a Claim for Copyright
             Infringement And Must Be Dismissed In Their Entirety............................4

             i.     Plaintiff Failed to Plausibly Plead Ownership of the
                   Accused Designs.............................................................................5

             ii.    Plaintiff's Group Pleadings Fail to Provide Defendants
                   With Sufficient Notice of Their Alleged Wrongdoing ...................6

    C.     Plaintiff Has Failed to State a Copyright Infringement Claim Against L&T
        in Connection with 5 Accused Designs ................................................................10

    D.     Plaintiff Has Failed to State a Valid Claim for Copyright Infringement in
        Connection with Pattern YV450 and Pattern XD810Q .........................................11

    E.     Plaintiff Has Failed to Plead Entitlement to Attorney's Fees or Statutory
        Damages................................................................................................................14

    F.     Plaintiff's State Unfair Competition Claim Must Be Dismissed ..........................16

        1.     Plaintiff's Claim for Unfair Competition Under New York State
             Common Law (Count II) is Preempted by Federal Copyright Law .........16

IV.    Conclusion ......................................................................................................................19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arista Records LLC v. Lime Grp. LLC*,
    784 F. Supp. 2d 398 (S.D.N.Y. 2011)........................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................3, 7, 9

*Atuahene v. City of Hartford*,
    10 Fed. App'x 33 (2d Cir. 2001)........................................................................7

*Baiul v. NBC Sports*,
    708 Fed. Appx. 710 (2d Cir. 2017)........................................................................16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................3, 7

*Briarpatch Ltd. v. Phoenix Pictures*,
    373 F.3d 296 (2d Cir. 2004))........................................................................16, 17

*Computer Assocs. Int'l v. Altai*,
    982 F.2d 693 (2d Cir. 1992)........................................................................16, 17

*Digitalb, SH. A. v. Setplex, LLC*,
    284 F. Supp. 3d 547 (S.D.N.Y. 2018)........................................................................12, 14

*Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*,
    784 F. Supp. 2d 441 (S.D.N.Y. 2011)........................................................................18

*Ez-Tixz, Inc. v. Hit-Tix, Inc.*,
    919 F. Supp. 728 (S.D.N.Y. 1996)........................................................................16

*Ferro v. Ry. Express Agency, Inc.*,
    296 F.2d 847 (2d Cir. 1961)........................................................................7

*Football Ass'n Premier League Ltd. v. YouTube, Inc.*,
    633 F. Supp. 2d 159 (S.D.N.Y. 2009)........................................................................14, 15

*Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*,
    443 F.2d 1159 (2d Cir. 1971)........................................................................9

*Holmes v. Allstate Corp.*,
    No. 11-CV-1543, 2012 U.S. Dist. LEXIS 24883, 2012 WL 627238 (S.D.N.Y.
    Jan. 27, 2012)........................................................................7

*Int'l Diamond Imps., Inc. v. Oriental Gemco Ny, Inc.*,
    64 F. Supp. 3d 494 (S.D.N.Y. 2014).................................................................5, 6

*Jacobs v. Carnival Corp.*,
    No. 06 Civ. 0606 (DAB), 2009 U.S. Dist. LEXIS 31374 (S.D.N.Y. Mar. 25,
    2009) ...................................................................................................................5

*Jeffrey Milstein v. Greger. Lawlor, Roth Inc.*,
    58 F.3d 27 (2d Cir. 1995)...................................................................................18

*Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*,
    2017 U.S. Dist. LEXIS 22548 (S.D.N.Y. Feb. 15, 2017)......................................13

*Jose Armando Bermudez & Co. v. Bermudez Int'l*,
    2000 U.S. Dist. LEXIS 12354, 2000 WL 1225792, at *10 (S.D.N.Y. Aug. 29,
    2000) .................................................................................................................12

*Kelly v. L.L. Cool J.*,
    145 F.R.D. 32 (S.D.N.Y. 1992) ...........................................................................5

*Kernel Records Oy v. Mosley*,
    694 F.3d 1294 (11th Cir. 2012) ..........................................................................15

*Kregos v. Assoc. Press*,
    3 F.3d 656 (2d Cir. 1993).....................................................................................17

*Leonard F. v. Isr. Disc. Bank of N.Y.*,
    199 F.3d 99 (2d Cir. 1999)....................................................................................3

*Marvullo v. Gruner + Jahr AG & Co*,
    2001 U.S. Dist. LEXIS 266 (S.D.N.Y. Jan. 16, 2001)..........................................16

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005)......................................9

*Nat'l Basketball Ass'n v. Motorola, Inc.*,
    105 F.3d 841 (2d Cir. 1997)................................................................................16

*Ochre LLC v. Rockwell Architecture Planning & Design*,
    2012 U.S. Dist. LEXIS 172208 (S.D.N.Y. Dec. 3, 2012) .......................................7

*Rams v. Def Jam Recordings, Inc.*,
    202 F. Supp. 3d 376 (S.D.N.Y. 2016)...................................................................9

*Ritchie v. Northern Leasing Systems, Inc.*,
    14 F. Supp.3d 229 (S.D.N.Y. 2014).......................................................................7

*Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*,
   217 F.R.D. 305 (N.D.N.Y. 2003) .................................................................4

*Silverstein v. Penguin Putnam, Inc.*,
   522 F. Supp.2d 579 (S.D.N.Y. 2007).................................................16, 17

*Simmons v. Abruzzo*,
   49 F.3d 83 (2d Cir. 1995).........................................................................7

*Tianhai Lace USA Inc. v. Lord & Taylor LLC et al*,
   Civ. No. 1:17-cv-01328-RA .......................................................................1

*Tianhai Lace USA Inc. v. Lord & Taylor LLC et al*,
   Civ. No. 1:18-cv-06616-PAE, Dkt. No. 1....................................................1, 2

*Wolo Mfg. Corp. v. ABC Corp.*,
   2018 U.S. Dist. LEXIS 190790, __ F. Supp. 3d __, 2018 WL 5831767
   (E.D.N.Y. Nov. 7, 2018)............................................................................15

*Zuma Press, Inc. v. Getty Images (US), Inc.*,
   2017 U.S. Dist. LEXIS 101286 (S.D.N.Y. June 29, 2017)................................17

**Statutes**

15 U.S.C. § 411.................................................................................12, 13

17 U.S.C. § 101..........................................................................2, 4, 8, 12

17 U.S.C. § 301.......................................................................................17

17 U.S.C. § 301(a)...................................................................................16

17 U.S.C. § 411(a)........................................................................12, 13, 14

17 U.S.C. § 412.................................................................................14, 16

17 U.S.C. § 501.......................................................................................6

17 U.S.C. § 504.......................................................................................14

17 U.S.C. § 504(c)...................................................................................15

17 U.S.C. § 505.......................................................................................14

**Other Authorities**

Fed. R. Civ. P. 8.......................................................................................7

Fed. R. Civ. P. 8(a)............................................................................7, 9, 11

Fed. R. Civ. P. 12(b)(6)...................................................................................... *passim*

Fed. R. Civ. P. 19 ......................................................................................................6

PHILIP L. HIRSCHHORN
BUCHANAN INGERSOLL & ROONEY PC
640 Fifth Avenue, 9th Floor
New York, New York 10019
Phone: (212) 440-4470
Email: Philip.hirschhorn@bipc.com

LAURA K. PITTS
Pro Hac Vice forthcoming
1737 King St., Ste. 500
Alexandria, VA 22314
Tel: (703) 836-6620
Fax: (703) 836-2021
Email: laura.pitts@bipc.com

*Attorneys for Defendants*
*Lord & Taylor, LLC and*
*G-III Leather Fashions, Inc.*

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIANHAI LACE USA, INC.,<br>a New York corporation,<br><br>     *Plaintiff*,<br><br>  v.<br><br>LORD & TAYLOR LLC**,** a Delaware corporation<br>and G-III LEATHER FASHIONS, INC., a<br>Delaware corporation,<br><br>     *Defendants*. | Civil Action No. 1:18-cv-6616<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Lord & Taylor LLC ("L&T") and G-III Leather Fashions, Inc. ("G-III Leather" and, collectively, "Defendants") hereby submit this memorandum of law in support of their motion to dismiss Plaintiff Tianhai Lace USA, Inc.'s ("Tianhai USA" or "Plaintiff") First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth below.

## I.     Statement of Facts

### A.     Procedural Background

Tianhai USA first filed a copyright infringement action against L&T and former defendant G-III Apparel Group, Ltd. ("G-III Apparel") in connection with this matter in 2017 in a previous lawsuit. *See Tianhai Lace USA Inc. v. Lord & Taylor LLC et al*, Civ. No. 1:17-cv-01328-RA ("Tianhai 1"). G-III Apparel, and all claims against L&T that relate to garments made by G-III, were dismissed without prejudice from that action on July 23, 2018, following a successful motion to sever the action on the ground that numerous unrelated defendants had been improperly joined into a single action under Rule 20. *Id. at* Dkt. No. 62, 67.

On the same day, Tianhai USA initiated the present action against L&T, G-III Apparel, and Does 1-10, asserting one claim of copyright infringement and a common law unfair competition claim under New York law in connection with the purported copying of one design, Tianhai's Pattern Y0729 (the "Complaint"), which was also the subject matter of the Tianhai 1 action. *See Tianhai Lace USA Inc. v. Lord & Taylor LLC et al*, Civ. No. 1:18-cv-06616-PAE ("Tianhai 2"), Dkt. No. 1.

On December 10, 2018, both L&T and G-III Apparel filed Answers to the Complaint. *Id.* at Dkt. Nos. 14, 15. In its Answer, and in communications with Tianhai USA's counsel, G-III Apparel explained that it was not a proper party to the action as it had not engaged in any of the activities alleged in the Complaint. *Id.* at Dkt. No. 14. G-III Apparel explained that its

1

subsidiary, G-III Leather, was the operating entity and therefore was the party that should have been named in the Action.

On December 31, 2018, Tianhai USA filed its First Amended Complaint ("FAC"). *Id.* at Dkt. No. 17. Through the FAC and the parties' joint stipulation, G-III Leather was added as a new party and G-III Apparel was dismissed from the action.[1] *Id.* at Dkt. No. 23. In addition to adding G-III Leather as a party to the action, the FAC asserted numerous new allegations, now accusing the Defendants of infringing a total of seven (7) designs: Tianhai's Pattern Y0729, Pattern XD525, Pattern XD081, Pattern YV450, Pattern A0342, Pattern XD810Q, and Pattern XZ001 (collectively, the "Accused Designs").[2]

### B.     The FAC

In the FAC, Tianhai USA seeks to assert two claims for relief against Defendants: (i) copyright infringement under 17 U.S.C. § 101 *et seq.* (¶¶ 141-150); and (ii) unfair competition under New York state common law (¶¶ 151-162). Both claims are based upon Plaintiff's allegations that one or both Defendants have copied the Accused Designs, which are protected by copyright. *See, e.g.,* ¶¶ 135, 157-159.

As Tianhai USA acknowledges in its Complaint, Defendant L&T and Defendant G-III Leather are separate entities with distinct businesses: L&T is a retailer of apparel for women with several brick-and-mortar stores, ¶¶ 68-69, whereas G-III Leather is a manufacturer and distributer of apparel for women, ¶ 70. Despite acknowledging that the Defendants are different entities with separate business activities, Plaintiff nevertheless seeks to improperly combine its

---

[1] Through the FAC, Tianhai also sought to add Donna Karan International Inc. ("DKI") as a defendant to the action. *Id.* at Dkt. No. 17. However, the parties agreed to the dismissal of DKI by joint stipulation. *Id.* at Dkt. 23.

[2] Pattern Y0729 was the only Accused Design that was asserted in the original Complaint. The remaining six Accused Designs were first alleged in the FAC.

allegations against both parties into umbrella allegations through the use of group pleadings that fail to give either Defendant sufficient notice of the claims being asserted against them.  Among other things, the group pleadings fail to provide sufficient notice of the Accused Design(s) each Party is accused of infringing; what infringing actions the parties are alleged to have conducted; and the nature of the infringement being asserted against each.

Therefore, in lieu of answering the FAC, Defendants L&T and G-III Leather jointly move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth below.

## II.     Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; there must be factual content plead that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a Rule 12(b)(6) motion, a court may consider only the facts stated on the face of the complaint, the documents attached to the complaint by reference, and matters of which judicial notice may be taken.  *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999).

## III.    Argument

### A.    Defendants' Motion is Timely Filed

As a preliminary matter, this joint Rule 12(b)(6) motion is timely filed by both

Defendants.

As to Defendant G-III Leather, it is a newly-added party that has not previously filed a

responsive pleading or motion in this action.  As such, the present motion to dismiss the FAC for

failure to state a claim upon which relief can be granted is timely filed under Rule 12(b)(6).

As to Defendant L&T, it previously filed an Answer to the original Complaint filed in

this action.  *See* Dkt. No. 15.  However, as set forth above, the FAC sets forth a new set of

operative facts, asserting claims of copyright infringement and unfair competition in connection

with 6 Accused Designs not previously identified in the Complaint.  *See* Dkt. No. 17.   A party

may bring a post-answer motion to dismiss against an amended complaint that contains new

matter.  *See, e.g., Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.,* 217 F.R.D. 305, 307

(N.D.N.Y. 2003).[3]

### B.    Plaintiff's Copyright Claim Must Be Dismissed

#### 1.    Plaintiff's Allegations Fail to State a Claim for Copyright Infringement And Must Be Dismissed In Their Entirety

The first cause of action that Tianhai USA seeks to assert is copyright infringement under

17 U.S.C. § 101 *et seq.  See* FAC, ¶¶ 141-150.  However, the FAC fails to plead facts sufficient

to state a plausible claim for copyright infringement and therefore this claim must be dismissed

in its entirety.

A properly pled copyright infringement claim "must allege: (1) which original works are

the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3)

---

[3] L&T also asserted failure to state a claim as an affirmative defense in its Answer.  *See* Dkt. No. 17.

that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *Int'l Diamond Imps., Inc. v. Oriental Gemco Ny, Inc.*, 64 F. Supp. 3d 494, 510 (S.D.N.Y. 2014) (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35-36 (S.D.N.Y. 1992); *see also Jacobs v. Carnival Corp.*, No. 06 Civ. 0606 (DAB), 2009 U.S. Dist. LEXIS 31374, at *11-12 (S.D.N.Y. Mar. 25, 2009) (noting that courts in the Southern District of New York "have consistently followed the four-prong standard. . . .").

Tianhai USA fails to plausibly plead facts sufficient to establish copyright infringement with respect to the seven Accused Designs.

### i.   Plaintiff Failed to Plausibly Plead Ownership of the Accused Designs

As to the second element, ownership of the asserted copyrights, Plaintiff has pled conflicting and contradictory allegations which fail to plausibly allege ownership of the Accused Designs.  In particular, it is unclear whether Plaintiff is asserting individual or joint ownership of the Accused Designs.  In one paragraph, Tianhai USA alleges that "[a]t all times pertinent to this Complaint, Plaintiff has been, and still is, the owner of all right, title, and interest in and to the [Accused Designs], including the copyrights therein."  FAC, ¶ 143.  However, this allegation is directly contradicted by the U.S. Copyright Registrations that were made of record by Plaintiff in connection with the FAC.  *See* FAC Exhibits B, D, F, J, N.

According to the Copyright Registrations, the copyrights are purportedly joint "work-for-hires"[4] that were authored and are co-owned by three entities: Tianhai USA and two non-parties, Tianhai Lace Co., Ltd. and Tianhai Lace (Guangdong) Ltd. (collectively, the "Non-Party Tianhai Entities").  *Id.*  Despite being listed as co-authors and co-owners of at least 5 of the copyrighted

---

[4] These U.S. Copyright Registrations also raise the question of how a single work could be a joint "work-for-hire" of three separate entities, two of which are domiciled in China and one of which is domiciled in the United States.

works asserted in this action, the Non-Party Tianhai Entities are not plaintiffs in this action and are only obliquely referenced in one paragraph of the 162-paragraph FAC.[5]  *See* FAC, ¶ 14.

This ambiguity is compounded by the Plaintiff's use of the undefined term "Tianhai" to support its allegations throughout the FAC.  Because Plaintiff fails to define "Tianhai" in the FAC, it is unclear whether it is intended to refer to Plaintiff Tianhai USA; Plaintiff and the Non-Party Tianhai Entities collectively; or some combination of both.

For the reasons set forth above, it is impossible to determine from the FAC the nature of the ownership right being asserted by Tianhai USA in the Accused Designs and therefore whether it has sufficient rights to bring the claims asserted therein.  As such, Plaintiff has failed to plausibly plead ownership of the copyrights in the Accused Designs.

### ii.      Plaintiff's Group Pleadings Fail to Provide Defendants With Sufficient Notice of Their Alleged Wrongdoing

Plaintiff's copyright infringement claim should also be dismissed in its entirety for Plaintiff's failure to plausibly plead the fourth element, namely, by what acts and during what time <u>each</u> defendant infringed the asserted copyrights.  *Int'l Diamond Imps.*, 64 F. Supp. 3d at 510.

First, instead of asserting specific factual allegations against each Defendant, Plaintiff "lumps" together allegations against the "Defendants" collectively, attributing conclusory "acts" to all Defendants, without any specificity or factual support for each Defendant's alleged involvement.  *See, e.g.,* ¶¶ 100-136.  This makes it impossible to determine which Defendant is accused of infringing which Accused Design, and what act of copyright infringement each Defendant is alleged to have committed.

_____

[5] Defendants intend to seek joinder of the Non-Party Tianhai Entities as plaintiffs to the present action under Fed. R. Civ. P. 19.  *See also* 17 U.S.C. § 501 ("The court may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright.").

It is well-established in this Circuit that plaintiffs cannot simply "lump" defendants together for pleading purposes when it fails to afford each defendant adequate notice of the factual allegations it faces. *Ritchie v. Northern Leasing Systems, Inc.*, 14 F. Supp.3d 229, 236 (S.D.N.Y. 2014).

This "failure to isolate the key allegations against each defendant supports dismissal under the standards set forth in *Twombly* and *Iqbal*." *Ochre LLC v. Rockwell Architecture Planning & Design*, 2012 U.S. Dist. LEXIS 172208, *16 (S.D.N.Y. Dec. 3, 2012)

> Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants. See *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (noting Fed. R. Civ. P. 8 "requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiffs claim is and the ground upon which it rests'")(citing *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). As such, a plaintiff cannot merely "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Id.*

*Ochre*, 2012 U.S. Dist. LEXIS 172208 at *16-17.

As set forth above, Plaintiff's rote reliance on conclusory allegations against the collective "Defendants" is insufficient under the present facts to give either L&T or G-III Leather sufficient notice of the allegations being asserted against each. For example, as discussed below, it is unclear which of the Accused Designs L&T is accused of infringing. Moreover, given the differences between the Defendants as acknowledged by Plaintiff, it is clear that the allegations against each Defendant will not be identical. Therefore, the use of group pleadings under these facts are insufficient to provide each Defendant with the requisite level of notice of the particular allegations being asserted against each Defendant that is required to satisfy Rule 8. *See, e.g., Holmes v. Allstate Corp.*, No. 11-CV-1543, 2012 U.S. Dist. LEXIS 24883, 2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012) ("Rule 8(a) is violated [*19] where a

plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it.").

Second, Plaintiff has failed to allege when any of the purported infringing acts by the collective "Defendants" took place. Although Plaintiff has pled the dates when the Accused Designs were allegedly created and published, Plaintiff has failed to plead any dates related to when it claims that either Defendant allegedly infringed the designs or when Plaintiff claims to have become aware of the alleged infringement. Such allegations are material to both the validity of Plaintiff's infringement claim (as works that were created prior to the allegedly infringed work cannot be infringing) and Defendants' affirmative defenses, including laches and expiration of the statute of limitations (given the age of many of the works asserted by Plaintiff).

Lastly, Plaintiff fails to plausibly plead the nature of copyright infringement for which each defendant is purportedly liable. Instead, Plaintiff baldly asserts that "Defendants **either directly or indirectly**, copied Tianhai's Lace designs for their own commercial gain to the unjust exclusion of Tianhai" and, therefore, "[b]y the acts state herein, Defendants have **directly, vicariously, and/or contributorily** infringed the copyrights in the [Accused Designs] in violation of §§ 106 and 501 of the Copyright Act, 17 U.S.C. § 101, *et seq.* FAC, ¶¶ 145-146 (emphasis added).

In this case, Plaintiff failed to even plead the elements necessary to prove vicarious or contributorily infringement, much less any factual support for these claims. To state a claim for contributory copyright infringement, a plaintiff must allege that a defendant (1) "with knowledge of the infringing activity" (2) "induces, causes, or materially contributes to the infringing conduct of another.'" *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 434 n. 23

(S.D.N.Y. 2011) (quoting *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)).

To state a claim for vicarious infringement, a plaintiff need only allege: (1) "that a defendant has declined to exercise the right and ability to supervise or control the infringing activity," and (2) that the defendant "enjoys a direct financial benefit from the infringing activity." *Rams v. Def Jam Recordings, Inc.*, 202 F. Supp. 3d 376, 385 (S.D.N.Y. 2016) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005).

Plaintiff has failed to plead any factual support to establish grounds for asserting secondary liability.  Instead, Plaintiff seeks to rely upon mere legal conclusions to accuse both Defendants of both direct and secondary infringement with no distinction between the parties or their actions, and no factual allegations to support their claims.  As is well-established, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss.  *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

In summary, Plaintiff has failed to provide a plausible factual basis to distinguish the allegedly wrongful conduct of each of the Defendants, or the works each is alleged to have infringed, and therefore the FAC fails to meet the notice requirements of Fed. R. Civ. P. 8(a). Plaintiff's allegations of copyright infringement further fail to sufficiently allege ownership of the Accused Designs; when the infringing acts by either Defendant purportedly took place or when Plaintiff claims to have become aware of such actions; and fail to distinguish between allegations of direct and secondary infringement, much less plausibly assert such claims against either Defendant.

For the numerous reasons set forth above, Plaintiff has failed to assert plausible claims of copyright infringement against either Defendant in connection with any of the 7 Accused Designs.  Therefore, Plaintiff's first cause of action for copyright infringement must be dismissed in its entirety.

In the alternative, even if this Court does not dismiss Plaintiff's copyright infringement claim in its entirety, Defendants L&G and G-III Leather are entitled to partial dismissal of this copyright infringement claim for the reasons set forth below.

### C. Plaintiff Has Failed to State a Copyright Infringement Claim Against L&T in Connection with 5 Accused Designs

Plaintiff has failed to state a plausible claim of copyright infringement against L&T in connection with 5 of the 7 Accused Designs: Pattern XD081 (FAC ¶¶ 100-106); Pattern YV450 (¶¶ 107-113); Pattern A0342 (¶¶ 114-120); Pattern XD810Q (¶¶ 121-127); and Pattern XZ001 (¶¶ 128-134) (collectively, the "Non-L&T Designs").

The FAC fails to assert any factual allegations against Defendant L&T in connection with the purported infringement of the 5 Non-L&T Designs set forth above.  Instead, the factual allegations of infringement are primarily directed against another retailer that is not a party to this action.  A representative example of the Plaintiff's pleadings with respect to the Non-L&T Designs are set forth below for Pattern YV450 (¶¶ 107-113):

- ¶ 107 - Upon information and belief, Tianhai's Pattern YV450 lace design has been incorporated by Defendants into at least one garment marketed to U.S. consumers by Macy's.

- ¶ 108 – Upon information and belief, the Pattern YV450 lace design was reproduced and manufactured by G-III and branded as "Vince Camuto" Style No. VC6M1067.

- ¶ 109 – Upon information and belief, the Style No. VC6M1067 garment was supplied to Macy's and sold therein at a retail price of approximately $148.00.

- ¶ 111 – Upon information and belief, Defendants had access to Tianhai's Pattern YV450, design prior to reproducing, manufacturing, distributing, marketing, and selling the above-referenced infringing products.

- ¶ 112 – Upon information and belief, Defendants knew at the time that each reproduced, manufactured, distributed, marketed, and offered for sale the Infringing Products that the lace designs incorporated therein comprised the proprietary intellectual property of Tianhai.

- ¶ 113 - Upon information and belief, Defendants willfully intended to offer garments for sale to its customers incorporating Tianhai's Pattern YV450 design.

Similar factual allegations are asserted in connection with the other Non-L&T Designs.  *See* FAC ¶¶ 100-106, 114-134.

There are no factual allegations specific to L&T in connection with any of the 5 Non-L&T Designs.  *Id.*  Although there are a few bald allegations directed to the "Defendants" collectively in connection with each Non-L&T Design, these are group pleadings setting forth mere legal conclusions with no pleaded factual support and are insufficient to plausibly state a claim against an individual Defendant for the reasons set forth in the Section above.  *See, e.g.,* FAC ¶¶ 111-113.  Therefore Plaintiff has failed to state a plausible claim of copyright infringement against L&T in connection with these 5 designs and those claims must be dismissed as to L&T.

### D.     Plaintiff Has Failed to State a Valid Claim for Copyright Infringement in Connection with Pattern YV450 and Pattern XD810Q

In addition to the reasons set forth above, Plaintiff's allegations of copyright infringement in connection with Pattern YV450 (FAC ¶¶  40-46) and Pattern XD810Q (FAC ¶¶ 54-60) must be dismissed from the FAC in their entirety because Plaintiff has failed to plead a valid claim for relief in connection with either purported work.

Pursuant to the Copyright Act, holders of copyrights in "United States works" may not institute a copyright infringement suit "until preregistration or registration has been made." 17 U.S.C. § 411(a).[6]

For purposes of § 411, the Copyright Act defines a "United States work" as a work that, in the case of a published work, is first published (1) in the United States; (2) simultaneously in the United States and another treaty party whose law grants copyright protection for at least the term provided in the United States; (3) simultaneously in the United States and a foreign nation that is not a treaty party; or (4) in a foreign nation that is not a treaty party, and all the authors of the work are headquartered in the United States. *Digitalb, SH. A. v. Setplex, LLC*, 284 F. Supp. 3d 547, 554-55 (S.D.N.Y. 2018) (citing 17 U.S.C. § 101).[7]

By contrast, "non-United States works—generally, works first published outside the United States in a foreign country that is a signatory to the Berne Convention—are exempt from registration" for purposes of § 411. *Digitalb*, 284 F. Supp. 3d at 555 (citing 5 Patry on Copyright § 17:77 (2017); *accord Jose Armando Bermudez & Co. v. Bermudez Int'l*, 2000 U.S. Dist. LEXIS 12354, 2000 WL 1225792, at *10 (S.D.N.Y. Aug. 29, 2000)).

However, a party that seeks to take advantage of this exemption from the registration requirement of § 411 "must allege that the works are not United States works within the meaning of § 101. *Digitalb*, 284 F. Supp. 3d at 555 (dismissing plaintiff's copyright infringement claim under Rule 12(b)(6) where it failed to sufficiently plead that its unregistered work were non-

---

[6] The Supreme Court has granted certiorari to resolve the circuit split on whether "registration of [a] copyright claim has been made" within the meaning of § 411(a) with the filing of the application, deposit, and fee to the Copyright Office, or only once the Copyright Office acts on the application. However, the circuit split is not relevant in the present case as Plaintiff has failed to plead either an application for or registration of the asserted patterns. The Courts are in agreement that "[a]s an absolute limit, if the Copyright Office has failed to receive the necessary elements to issue a registration certificate prior to the time that the court is called upon to issue final judgment, the action must be dismissed." 2 Nimmer on Copyright § 7.16 (2018)

[7] A "treaty party" is defined as "a country or intergovernmental organization other than the United States that is a party to an international agreement." 17 U.S.C. § 101.

United States works and therefore not subject to the registration requirements of 15 U.S.C.

§ 411) (citations omitted); *see also Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, 2017 U.S. Dist. LEXIS 22548, *32 (S.D.N.Y. Feb. 15, 2017) ("To take advantage of this exemption from the registration requirement of § 411, the party seeking to protect a work must first establish that the subject of copyright is not a United States work.") (internal citations and quotations omitted).

In the present case, with respect to Pattern YV450 and Pattern XD810Q, Plaintiff has failed to satisfy either pleading requirement. Plaintiff has not pleaded ownership of a pending U.S. copyright application or registration in connection with either design and therefore failed to satisfy § 411(a), regardless of the approach adopted by District Courts in this circuit.

Instead, Plaintiff has asserted Chinese copyright registrations, untranslated versions of which were submitted with the FAC, in connection with both Pattern YV450 and Pattern XD810Q.[8] However, Plaintiff has failed to plead any facts to support a finding that the designs at issue are not United States works. Among other things, Plaintiff has failed to plead where the works were created or the country in which the works were first published. As such, Plaintiff has failed to sufficiently allege any facts to support a finding that it is exempt from the registration requirements of § 411(a).

Because Plaintiff has failed to plead either that it has satisfied the registration obligations of § 411(a) or that it is exempt from such requirements, Plaintiff has failed to state a valid claim

---

[8] In addition to failing to satisfy the requirements of § 411(a), the allegations concerning Pattern XD810Q are wholly inplausible and cast significant doubt on the claims surrounding this work. Among other things, Tianhai USA alleges that Pattern XD810Q was created in May 2015, but that this work was first published in May 2009 (before it was created). *See* FAC ¶¶ 54-55. Tianhai USA also alleges that "Tianhai" has duly registered its copying in the Pattern XD810Q design with the Chinese Copyright Office and is the owner of Chinese Copyright Registration No. 2015-F-00201130, a copy of which is allegedly attached to the FAC as Exhibit L. *Id.* at ¶ 58. However, the Copyright Registration attached as Exhibit L has a different registration number, 2015-F-00201129.

of copyright infringement in connection with these works and its allegations concerning Pattern YV450 and Pattern XD810Q must be dismissed.  *See Digitalb*, 284 F. Supp. 3d at 555.

E.     **Plaintiff Has Failed to Plead Entitlement to Attorney's Fees or Statutory Damages**

Lastly, in its prayer for relief, Plaintiff asks that Defendants be required to pay Tianhai USA statutory damages pursuant to 17 U.S.C. § 504 in the amount of $150,000 per registration infringed and also asks the Court to award, *inter alia*, attorney's fees pursuant to 17 U.S.C. § 505.  Plaintiff's FAC, ¶¶ H-I.  However, Plaintiff has failed to plead facts sufficient to show its entitlement to the requested relief.  As such, Plaintiff's request for statutory damages and attorney's fees must be dismissed.

Section 412 of the Copyright Act, 17 U.S.C. § 412, provides that, unless certain exceptions apply that are not relevant in the present case, no award of statutory damages or of attorney's fees shall be made for:

(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or

(2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Moreover, Plaintiff cannot obtain statutory damages or attorney's fees without a U.S. copyright registration.  Unlike Section 411(a), "Section 412 has no exception excusing foreign works from its mandate: it requires registration to obtain statutory damages for both domestic and foreign works."  *Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 633 F. Supp. 2d 159, 162 (S.D.N.Y. 2009).

As set forth above, Plaintiff has failed to allege ownership of a U.S. copyright registration or pending application for 2 Accused Designs - Pattern YV450 and Pattern XD810Q.  As such, under Section 412, Plaintiff is not entitled to seek statutory damages or attorney's fees in

connection with either work.  *See, e.g. Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1302-03 (11th Cir. 2012) (in a case involving an alleged foreign work, holding that "only owners of registered works may collect statutory damages and attorney's fees"); *Football Ass'n Premier League Ltd.*, 633 F. Supp. at 164 ("Neither the House nor the Senate found that [§] 412, which denies statutory damages for both foreign and domestic unregistered works, violated the Berne Convention.")

As to the remaining 5 Accused Designs for which Plaintiff has asserted U.S. copyright registrations, Plaintiff has failed to plead sufficient facts to establish its entitlement to statutory damages or attorney's fees in connection with the alleged infringement of any of the works. First, Plaintiff's allegations, and the attached copyright registrations, confirm that none of the 5 Accused Designs were registered within 3 months of the first publication of the works.  *See* FAC ¶¶ 19-23, 26-30, 33-37, 47-51, 61-65; Exhibits B, D, F, J, N.

Second, Plaintiff has failed to plead that any of the accused infringement began after the registration of any of the Accused Designs.  As set forth above, Plaintiff has failed to allege any dates concerning when the purported infringement of the Accused Designs took place

As such, Plaintiff has failed to assert any factual basis in support of its request for statutory damages or attorney's fees. As the prerequisites to recovery of statutory damages and attorney's fees have not been pled by Plaintiff, the request for both should be stricken from the FAC in its entirety.  *See, e.g., Wolo Mfg. Corp. v. ABC Corp.*, 2018 U.S. Dist. LEXIS 190790, *47, __ F. Supp. 3d __, 2018 WL 5831767 (E.D.N.Y. Nov. 7, 2018) (granting "the branch of defendants' motion seeking dismissal of plaintiff's claim for statutory damages under 17 U.S.C. § 504(c) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's claim for statutory damages under 17 U.S.C. § 504(c) is dismissed in its entirety with

prejudice as precluded by 17 U.S.C. § 412"); *Ez-Tixz, Inc. v. Hit-Tix, Inc.,* 919 F. Supp. 728, 735-736 (S.D.N.Y. 1996) (granting motion to dismiss plaintiff's claim for statutory damages and attorney's fees because alleged infringing conduct occurred prior to date of registration); *see also Marvullo v. Gruner + Jahr AG & Co*, 2001 U.S. Dist. LEXIS 266, *11-12 (S.D.N.Y. Jan. 16, 2001) (granting Rule 12(b)(6) motion to dismiss plaintiff's claim for statutory damages and attorney's fees when recovery was barred under § 412 of the Copyright Act).

### F.    Plaintiff's State Unfair Competition Claim Must Be Dismissed

Plaintiff's claim for unfair competition under New York common law, which is set forth as Count II in the FAC, is preempted by federal copyright law and insufficiently pled. Therefore, this claim should be dismissed with prejudice.

#### 1.    Plaintiff's Claim for Unfair Competition Under New York State Common Law (Count II) is Preempted by Federal Copyright Law

The Copyright Act expressly preempts all state legal and equitable rights "that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a); *see Computer Assocs. Int'l v. Altai*, 982 F.2d 693, 716 (2d Cir. 1992). Accordingly, "[t]he Copyright Act preempts a state law claim when: (1) the particular work to which the claim is being applied falls within the types of works protected by the Copyright Act and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the exclusive rights already protected by copyright law." *Baiul v. NBC Sports*, 708 Fed. Appx. 710, 712 (2d Cir. 2017) (citing *Briarpatch Ltd. v. Phoenix Pictures*, 373 F.3d 296, 305 (2d Cir. 2004)); *see also Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp.2d 579, 608 (S.D.N.Y. 2007) (dismissing state law unfair competition claim due to preemption); *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 848 (2d Cir. 1997) (finding Plaintiff's misappropriation claim based on New York law preempted).

The first prong of this preemption test is satisfied "if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." *Briarpatch*, 373 F.3d at 305.  The second prong of the preemption test is satisfied "when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law[,]" and the state-law claim does "not include any extra elements that make it qualitatively different from a copyright infringement claim." *Id.* at 305.  "Courts in the Second Circuit take a 'restrictive view' of what extra elements make a state law claim qualitatively different [from a copyright claim], looking at 'what [the] plaintiff seeks to protect[.]'" *Silverstein*, 522 F. Supp.2d at 608 (quoting, in part, *Computer Assoc. Int'l,* 982 F.2d at 716.

In the FAC, Plaintiff seeks to assert a claim for unfair competition under New York's common law against the Defendants.  *See* FAC, ¶¶ 151-162.  However, as the Second Circuit explained in *Computer Assocs.*, "unfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression are preempted by [17 U.S.C. § 301]." 982 F. at 717.

In the present case, the only facts alleged by Plaintiff – the purported misappropriation or attempted misappropriation of Tianhai's copyrighted designs – also form the basis for Plaintiff's asserted copyright claim and involve rights protected by the Copyright Act.  *See* FAC, ¶ 158; *see also Kregos v. Assoc. Press*, 3 F.3d 656, 666 (2d Cir. 1993) (dismissing claim for unfair competition under New York law as preempted by 17 U.S.C. § 301 where plaintiff's alleged "extra element " was use of Plaintiff's form with false copyright information); *Zuma Press, Inc. v. Getty Images (US), Inc.,* 2017 U.S. Dist. LEXIS 101286, *18-19 (S.D.N.Y. June 29, 2017) ("[Plaintiff] couches its unfair competition claim in terms of "bad faith misappropriation of a

17

commercial advantage," but the only factual allegation supporting the claim is that Getty displayed plaintiffs' photographs without authorization. At its core, this is a claim for copyright infringement.").

Here, there is "nothing qualitatively different" between Plaintiff's copyright infringement claims and its unfair competition claim.  As such, Plaintiff's unfair competition claim is preempted.

Even if Plaintiff's unfair competition was not preempted, it must be dismissed for failure to state a claim.  In New York, "the essence of unfair competition . . . is the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods."  *Jeffrey Milstein v. Greger. Lawlor, Roth Inc.*, 58 F.3d 27, 34-35 (2d Cir. 1995) (citations and internal quotation marks omitted).  In the FAC, Plaintiff fails to plead protectable and enforceable rights in the Accused Designs over the rights asserted in copyright; fails to assert a factual basis for the legal conclusions; and fails to allege any facts to support the claim that Defendants acted in bad faith.  *Id.*; *see also Eyal R.D. Corp. v. Jewelex N.Y. Ltd.,* 784 F. Supp. 2d 441, 447 (S.D.N.Y. 2011).

Therefore, for the reasons set forth above, Plaintiff has failed to state a valid claim for unfair competition under New York's common law.  Because Plaintiff's allegations are insufficient to state a claim of copyright infringement and unfair competition – the only two claims asserted in the FAC – the FAC must be dismissed in its entirety.

## IV.    Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant

Defendants' motion to dismiss and dismiss the First Amendment Complaint in its entirety.

Dated: February 4, 2019                               BUCHANAN INGERSOLL & ROONEY PC


By:     _____
        PHILIP L. HIRSCHHORN
        640 Fifth Avenue, 9th Floor
        New York, New York 10019
        Tel: (212) 440-4470
        Fax: (212) 440-4401
        Email: Philip.hirschhorn@bipc.com

        LAURA K. PITTS
        Pro Hac Vice forthcoming
        1737 King St., Ste. 500
        Alexandria, VA 22314
        Tel: (703) 836-6620
        Fax: (703) 836-2021
        Email: laura.pitts@bipc.com

        *Attorneys for Defendants*
        *Lord & Taylor LLC and*
        *G-III Leather Fashions Inc.*

4819-5789-0182, v. 4

19